UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ) | Chapter 13 |
| JOSEPH A. VAUDO ) | Case No.: 19-13881 |
| Debtor, ) | |

## DEBTOR'S RESPONSE TO THE TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

Now comes the Debtor, Joseph A. Vaudo, through Counsel and hereby responds to the Trustee's Objection to Confirmation of the Debtor's Chapter 13 Plan as follows:

1. Admitted.

2. The Debtor disagrees with the statement that the Trustee cannot recommend the Plan for confirmation.

3. The Debtor admits that Part 3.A(2) states that the Debtor intends to treat the secured claim of Eastern Bank, and states that this is an "Automobile Installment Loan," but states the Collateral is the Debtor's business. The Debtor's business holds ownership to the vehicle, not the Debtor individually.

4. The Debtor admits that he lists his business Mr. Vaudos Fish Market, Inc. in his Schedules and on his Liquidation Analysis as having a value of $61,550.00. The Debtor admits that he testified at the Section 341 Meeting of Creditors that the business is worth over $900,000.00 with the liens against in the sum of $650,000.00. The Debtor was confused and misspoke at the 341 Meeting of Creditors. At that time, the Debtor believed he still owned the building that Mr. Vaudos Fish Market, Inc. occupies. However, per the terms of the lease with the Landlord G-Four LLC, upon default of the lease, the

ownership of the building belongs to G-Four LLC. Therefore, the Debtor does not own the building at this time. The Debtor only owns the equipment and personal property inside of the building, which the Debtor estimates is worth $61,550.00. The building is the most valuable part and without owning the building, the Debtor's business has very little value. Therefore, there are no additional monies available for creditors under the Liquidation Analysis. The Debtor admits that the plan proposes to pay a "pot" of $2,430.00 to the general unsecured claims totaling $391,134.68.

5. The Debtor disagrees that his proposed plan cannot be confirmed, and disagrees that it does not meet the best interest of creditors test of 11 U.S.C. §1325(a)(4).

WHEREFORE, the Debtor, Joseph A. Vaudo, through Counsel hereby requests that the Trustee's Objection to Confirmation of the Debtor's Chapter 13 Plan be withdrawn or denied by this Honorable Court.

> Respectfully Submitted,
> The Debtor,
> By His Attorney,
>
> /s/ Peter M. Daigle_____
> Peter M. Daigle, Esquire
> BBO # 640517
> 1550 Falmouth Road, Suite 10
> Centerville, MA 02632
> (508) 771-7444
> pmdaigleesq@yahoo.com

Dated: January 13, 2020

# CERTIFICATE OF SERVICE

      I hereby certify that I have caused a duplicate copy of the above to be served upon all parties of record by electronic mail or by First Class Mail postage prepaid.

/s/ Peter M. Daigle_____
Peter M. Daigle, Esquire

Dated: January 13, 2020

Electronic Mail:

Carolyn Bankowski, US Trustee
John Fitzgerald, Asst. US Trustee